UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,, <br><br> Plaintiff, <br><br> v. <br><br> THOMAS D. FELLENBERG, <br><br> Defendant. | CASE NO. 3:20-CR-5401-CVB-RJB <br><br> ORDER ON APPEAL FROM THE MAGISTRATE JUDGE'S ORDER SUPPRESSING THE STATEMENTS OF DEFENDANT |

This matter comes before the Court on the above-referenced appeal (Dkt. 28). The United States timely appealed Magistrate Judge Theresa L. Fricke's September 22, 2021, oral order granting Defendant Fellenberg's motion to suppress his statements. This Court has jurisdiction to review the order. The Court has read the transcript of Judge Fricke's hearing, has read all documents filed in regard to the appeal, heard the oral argument of counsel on December 21, 2021, and is fully advised.

It is clear that the granting of a motion to suppress is reviewed *de novo* but the underlying findings of fact are reviewed for clear error. Reasonable suspicion and probable cause

ORDER ON APPEAL FROM THE MAGISTRATE JUDGE'S ORDER SUPPRESSING THE STATEMENTS OF DEFENDANT - 1

determinations, as well as determinations of whether a suspect is in custody, are reviewed *de novo*.

The Court must start with a determination of what findings of fact were made by Magistrate Judge Fricke. Her findings of fact can be found in the transcript of the hearing conducted by Judge Fricke on September 22, 2021 (Dkt. 34-1). Her findings and oral decision begin at page 78 of the transcript and are attached to this Order for ease of reference.

In addition to her other findings, there are three places in the transcript where Judge Fricke made mixed findings of fact and conclusions of law: at page 80, lines 20-25; page 81, lines 1-6; page 82, lines 8-18. Judge Fricke properly set forth the standard for probable cause for an arrest and the standard for an investigatory stop, and concluded that those standards were not met. Inherent in her mixed findings and conclusions are her findings that either there was no evidence, or no credible evidence, to support a conclusion that the stop and arrest were appropriate under the law.

None of Judge Fricke's findings of fact regarding the stop and arrest were clear error. All of these findings were supported by the evidence. It is those facts that must guide this Court's opinion. Judge Fricke's statements of the law she applied were also accurate and error-free.

It appears to this Court that this was more than an investigatory detention because, even if it started out that way, it almost immediately ripened into an arrest. It was more than temporary and was longer than necessary to effect the purpose of an investigatory stop. Defendant was in handcuffs, apparently, for most of an hour, and if it was only an investigatory stop, Defendant should have been released from handcuffs as soon as it appeared that he was unarmed. The duration of the stop was far longer than what was necessary to achieve an appropriate investigatory stop, and the detention of the Defendant was, in fact, an arrest.

Probable cause exists when the police have reasonably trustworthy information sufficient to warrant a prudent person in believing that the accused had committed or was committing an offence. Probable cause requires both a reasonable belief that an offense has been or is about to be committed and that the suspect is the criminal. The Court should look at the totality of the circumstances to determine probable cause. There simply was no probable cause to justify the arrest that occurred when the police held Defendant in handcuffs while they investigated the events of the night before.

The fruits of an unlawful arrest are not admissible. *See Wong Sun v. United States*, 371 U.S. 471, 484–88 (1963). A confession obtained after the violation of a person's constitutional rights is only admissible if it is "'sufficiently an act of free will to purge the primary taint.'" *Brown v. Illinois*, 422 U.S. 590, 601–02 (1975) (quoting *Wong Sun*, 371 U.S. at 486). "[T]he burden of showing admissibility rests, of course, on the prosecution." *Brown*, 422 U.S. at 603–04; *see also United States v. Washington*, 490 F.3d 765, 776–77 (9th Cir. 2007) (same).

Judge Fricke properly considered the totality of the circumstances in making her findings (*see* attached transcript at page 82). The government produced no credible evidence to show that the statements Defendant made were not induced or influenced by the unlawful arrest and did not meet the government's burden to show that the statements were free of the taint of the arrest.

Because the arrest was not supported by probable cause and was unlawful, Defendant's inculpatory statements to the arresting officer should be suppressed. The second statement made to a JBLM officer on the telephone was tainted by the illegal arrest and should likewise be suppressed. (It should be noted that Judge Fricke had no evidence of the actual effect of the earlier arrest and questioning on Defendant. Her conclusion that the earlier arrest and

ORDER ON APPEAL FROM THE MAGISTRATE JUDGE'S ORDER SUPPRESSING THE STATEMENTS OF DEFENDANT - 3

1 questioning tainted the second statement made to the JBLK Officer was based on the law of "the
2 fruit of the poisonous tree" rather than the Defendant's actual mental state.)
3     It appears to the Court that the findings made by Magistrate Judge Fricke which did not
4 contain clear error, and the transcript of the Magistrate Judge's hearing dictate the finding of this
5 Court that her order suppressing statements made by Defendant Fellenberg should be affirmed
6 and, therefore, the Magistrate Judge's Order suppressing the statements is AFFIRMED.
7     IT IS SO ORDERED, and it is further
8     ORDERED that this case is re-referred to Judge Fricke.
9     The Clerk is directed to send uncertified copies of this Order to all counsel of record and
10 to any party appearing pro se at said party's last known address.
11     Dated this 3rd day of January, 2022.

                                            *signature*
                                            ROBERT J. BRYAN
                                            United States District Judge